**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **CLOUD SYSTEMS HOLDCO IP, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 7:25-cv-00463-DC-DTG** |
| | § | |
| | § | |
| **ACUITY BRANDS SERVICES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

**TO:    THE HONORABLE DAVID COUNTS,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, and the Order and Advisory assigning all pretrial matters to the undersigned (Dkt. No. 5).

Before the Court is the defendant's Motion to Stay Response to Complaint Pending Compliance with Pre-Filing Injunction, or Alternatively, Motion to Dismiss Under Rule 12(b)(5) (Dkt. No. 12). That motion argues that its response to the plaintiff's amended complaint should be stayed until the plaintiff's counsel complies with an order requiring him to seek leave before filing any new complaints. Alternatively, the defendant's motion requests that the case be dismissed for improper service.

Shortly after the defendant filed its motion, the plaintiff filed a Motion to Enlarge Time for Service Under Federal Rule of Civil Procedure 4(m) (Dkt. No. 13).[1] The plaintiff's motion attempts to explain the delay in serving the defendant and asks the Court to extend the deadline for service up to February 12, 2026—the date the plaintiff completed service. The plaintiff's motion was filed the same day it filed a response to the defendant's motion.

Both motions are fully briefed, and the undersigned finds that a hearing is unnecessary. For the following reasons, the undersigned **RECOMMENDS** that defendant's motion be **GRANTED** and the plaintiff's motion be **DENIED**.

## I.    BACKGROUND

The motions arise because of a delay in service and an intervening order filed against the plaintiff's counsel. The plaintiff filed its Original Complaint against the defendant on October 10, 2025. Dkt. No. 1. The summons for the defendant was issued one week later, on October 17, 2025. Dkt. No. 6. On December 16, 2025—after the summons was issued but before it was served—Judge Alan Albright issued an order and pre-filing injunction against the plaintiff's counsel, William Ramey and his firm Ramey LLP. Dkt. No. 12-2 at 1, 17. That order prevented the plaintiff's counsel and his firm from "filing future complaints in the Western District of Texas asserting a claim of patent infringement without the advance permission from a judge of the Western District of Texas, the Fifth Circuit, or a delegee thereof." Dkt. No. 12-2 at 1, 17. Two months later and over a month after time for service under the rules, the summons was served on the defendant on February 12, 2026, and the next day a return of service was filed in this case.

---

[1] The plaintiff's counsel buried its citations in footnotes that failed to comply with the Local Rules' formatting requirements—Local Rule CV-10(a) requiring "12 point or larger font (including footnotes)." Despite this failure, the undersigned considered the footnotes and cautions the plaintiff's counsel to follow all local rules in its filings.

Dkt. No. 8. On April 3, 2026, the defendant filed its motion to stay, and on April 17, 2026, the plaintiff filed its motion. Dkt No. 12; Dkt. No. 13.

## II.    ANALYSIS

The defendant's motion was filed under Rule 12(b)(5), which allows a court to dismiss a case for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Effective process service requires a plaintiff to comply with Rule 4, including the timeliness requirement. Fed. R. Civ. P. 4. District courts have broad discretion to dismiss cases that fail to comply with the service requirements. *Fiveash v. US Corrections, LLC*, Case No. 1:20-CV-00866-RP, 2021 WL 8442056, at *1 (W.D. Tex. Nov. 10, 2021), *report and recommendation adopted*, 2021 WL 8442054.

Rule 4(m) sets a 90-day period for serving a defendant, and that period can be extended under the right circumstances. Fed. R. Civ. P. 4(m). Rule 4(m) requires the court to grant an extension of the time for service if a plaintiff demonstrates good cause for the delay. *Id*. Good cause typically requires a reasonable basis for the failure to serve timely and requires more than inadvertence, mistake of counsel, or ignorance of the rules. *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (citing *Lambert v. United States,* 44 F.3d 296, 299 (5th Cir.1995) (holding that confusing corporate nomenclature and uncooperative defense counsel were insufficient to show good cause). Without good cause, a court has discretion to allow such an extension. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The underlying facts do not demonstrate good cause for the plaintiff's failure to timely serve the defendant. The 90-day time limit for serving the summons expired on January 8, 2026. Dkt. No. 15 at 3–4; Fed. R. Civ. P. 4(m). The summons was not served until five weeks after that

deadline.[2] The only explanation offered by the plaintiff for the delay is that counsel sent the summons to a process server who because of an unexplained "internal failure" made no attempts to serve the defendant. Dkt. No. 14 at 7. Because of either inadvertence or a mistaken belief that service was being accomplished, the plaintiff failed to check on service until a month past the deadline—February 11, 2026—when the "Plaintiff's counsel realized the error." *Id*. No explanation is offered about why the plaintiff did not check on service during November, December, or January. The plaintiff offers no explanation about what it was doing to effect service or advance this case during that time. *See* Dkt. Nos. 8, 13, 14, & 17. The plaintiff's complete explanation is that it sent the summons to the process server in October and did not check on it until February—four months later. That does not demonstrate good cause.

Even after recognizing its inadvertence, the plaintiff failed to request an extension of time to serve the defendant. The plaintiff admits that on February 11, 2026, it realized service had not been completed. Dkt. No. 14 at 7; Dkt. No. 8 at 4. The plaintiff then served the defendant out of time, but it did not ask for an extension of time for service. It was not until the plaintiff had to respond to the defendant's motion that it finally requested an extension. *See* Dkt. Nos. 13 & 14 (both filed on April 17, 2026).

Under Fifth Circuit precedent, these facts fail to support finding good cause. In *Gartin*, the Fifth Circuit found that a failure to request an extension during the service window, confusing corporate entities, and uncooperative defense counsel were "a classic case of 'mistake of counsel' or 'ignorance of the rules,' which does not suffice to establish good cause under Rule 4(m)." *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 693 (5th Cir. 2008). Similarly,

---

[2] The plaintiff incorrectly claims that the delay was only 118 days, but that miscounts the 90 days from when the summons issued, not when the complaint was filed. *See* Dkt. No. 14 at 7. The defendant correctly identified the deadline as January 8, 2026, making for a delay of 125 days. Dkt. No. 15 at 3-4.

confusion of various stays, a delay in appointing class counsel, and counsel's lack of awareness of any service defects amounted to inadvertence or mistake of counsel, but not excusable neglect as required good cause—even when dismissal would result in the statute of limitations barring the claims. *Newby v. Enron Corp.*, 284 Fed. App'x 146, 149-150 (5th Cir. 2008). The plaintiff's conduct amounts to similar inadvertence or mistake of counsel, but not good cause. *See also Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (affirming a dismissal and noting that "it is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served.")

The plaintiff's fallback position is that has a strong case for a discretionary extension because any negligence is attributable to the process server and the problem was fixed when the plaintiff got around to checking. Dkt. No. 14 at 8. It contends that "[n]umerous courts have recognized [this as] good cause or at least a strong basis for a discretionary extension." *Id*. The plaintiff fails to identify any specific cases to support this statement and relies instead on a handwaving reference to Wright and Miller's *Federal Practice and Procedure*. *Id*. n.40. The plaintiff further contends that a dismissal without prejudice would preclude it from pursuing its claims in this District because it would have to comply with Judge Albright's order requiring approval before filing a lawsuit—implemented to address what was described as a "history of filing meritless lawsuit." Dkt. No. 14 at 9; Dkt. No. 12-2 at 14.

As good cause does not exist, the undersigned evaluates the propriety of a discretionary extension and finds that one should not be granted. The plaintiff's cited portion of *Federal Practice & Procedure* references that "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server." 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed. 2026). At least one case

cited in support of that statement held that inadvertence or reliance on a process server failed to show good cause. *Id*. n.6 (citing *Cloyd v. Arthur Anderson & Co.*, 151 F.R.D. 407 (D. Utah 1993), *judgment aff'd*, 25 F.3d 1056 (10th Cir. 1994)); *see also Elevario v. Hernandez*, No. 10-CV-00015-RB-WDS, 2010 WL 11618911, at *2 (D.N.M. Dec. 20, 2010) (citing *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987), which cites *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987)) (holding that trial counsel is responsible for monitoring process servers). The undersigned finds the plaintiff's reliance on *Millan* unpersuasive, because dismissal in *Millan* would result in the plaintiff's claims being barred by the statute of limitations and was evaluated the same way a dismissal with prejudice would be evaluated. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008). That is not the case here. A discretionary extension might be appropriate if "the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Fiveash*, 2021 WL 8442056, at *3 (citing *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993))). Like *Fiveash*, none of those considerations apply here. The plaintiff has failed to show that the defendant evaded service, that the defendant concealed defects in service, or that dismissal will bar the plaintiff's claims. At most, dismissal will require the plaintiff to comply with Judge Albright's order, but only if it chooses to refile in this District and is represented by Mr. Ramey and his firm. The plaintiff could have avoided that by promptly serving the defendant in the present case before Judge Albright's order took effect. Nothing prevented the plaintiff from doing that. The undersigned does not believe that the plaintiff's lack of diligence should be rewarded with an extension and **RECOMMENDS** that the defendant's motion be **GRANTED** and that the plaintiff's motion be **DENIED**.

### III.    RECOMMENDATION

The plaintiff made insufficient efforts to ensure timely service was completed, failed to demonstrate good cause for the service failure, and failed to demonstrate that the statute of limitations bars or other considerations would justify a discretionary extension. The undersigned **RECOMMENDS** that the defendant's Motion to Stay Response to Complaint Pending Compliance with Pre-Filing Injunction, or Alternatively, Motion to Dismiss Under Rule 12(b)(5) (Dkt. No. 12) be **GRANTED** and that the plaintiff's Motion to Enlarge Time for Service Under Federal Rule of Civil Procedure 4(m) (Dkt. No. 13) be **DENIED**.

### IV.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except for grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 12th day of June, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE